RECEIVED
IN LAKE CHARLES, LA

FEB 2 5 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CV1252 |
| VS. | : | JUDGE MINALDI |
| UNITED SERVICES AUTOMOBILE ASSOC., PROGRESSIVE PALOVERDE INSURANCE CO., and AIMEE FERNANDEZ | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, filed by the defendant, United States Automobile Association ("USAA") [Doc.

7]. The plaintiff, the United States of America ("United States"), filed an Opposition [Doc. 11].

USAA filed a Reply [Doc. 15].

## BACKGROUND

The United States brought this lawsuit to recover medical expenses and wages paid to a

Unites States Army Soldier, Specialist ("SPC") Aimee Fernandez, who was injured as a result of

the negligence of the insured, Michael Haley.  Specifically, the United States seeks to recover

insurance proceeds for expenses incurred by, and thus owed to, the United States.[1]

In August 2007, SPC Brian Gaubatz rear-ended and injured SPC Fernandez while driving

a 2006 Pontiac Montana owned by Michael Haley and insured with USAA. The accident

occurred when SPC Fernandez's 2000 Chevrolet Malibu was stopped at an intersection marked

with a stop sign. SPC Gaubatz approached the intersection and failed to stop, striking SPC

Fernandez's vehicle in the rear. The collision caused SPC Fernandez to suffer back pain, muscle

---

[1] Compl. [Doc. 1].

1

strain, neck and head pain, and other physical injuries, which required medical care and left SPC Fernandez unable to perform her duties as an employee of the United States. As a result of the collision, the United States has allegedly furnished and/or paid for medical care in the amount of $15,301.35. In addition, the United States will purportedly furnish and/or pay for future medical care required as a result of the collision.[2] Since the accident, the United States has also paid SPC Fernandez $329.16 in wages, which represent her salary for the six days she was unable to perform her duties as an employee of the United States after the collision.

In early March 2008, Mr. S. Christie Smith IV notified the Department of the Army that he represented SPC Fernandez in regards to the collision and requested her medical records. On October 3, 2008, the Army's Claims Division sent the defendant, Progressive Paloverde Insurance Company ("Progressive"), a certified letter informing it of the government's independent right under 42 U.S.C. § 2651 and 10 U.S.C. § 1095 to recover the cost of SPC Fernandez's medical care and lost wages related to the earlier accident. In April 2008, the Claims Division mailed a similar letter to the defendants, USAA, who had received the same letter in September 2007, and SPC Fernandez, through her attorney, Mr. Smith.[3]

In April 2009, Mr. Smith sent the Claims Division a copy of USAA's liability check, made payable to SPC Fernandez and Mr. Smith for the policy limits of $10,000. Less than one year later, USAA informed the Claims Division that SPC Fernandez, and her attorney, signed an agreement releasing USAA of its responsibility to pay all medical liens and bills.[4] (R. Doc. 1, ¶ X). Since the United States has yet to be reimbursed, it filed this lawsuit pursuant to the Medical

---

[2] Compl. ¶¶ V-VI [Doc. 1].

[3] Compl. ¶¶ VII-IX [Doc. 1].

[4] Compl. ¶ X [Doc. 1].

2

Care Recovery Act, 42 U.S.C. §§ 2651-2653 and 10 U.S.C. § 1095 to recover expenses incurred

in providing medical care and wages to a SPC Fernandez, who was allegedly injured by the

negligence of USAA's insured, Mr. Haley.

USAA requests dismissal of the United State's lawsuit. Citing to the Louisiana Direct

Action Statute, La. Rev. Stat. Ann. 22:1269(B), USAA asserts that Louisiana law does not

provide the United States with an independent cause of action against a third-party tortfeasor's

insurer.[5]

## 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

challenges the sufficiency of a plaintiff's allegations.  FED. R. CIV. P. 12(b)(6).  When ruling on a

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all

reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Lormand v.

U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009).  Yet, the court is not bound to accept

legal conclusions framed as factual allegations. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct.

1937, 1949-50, 173 L.Ed.2d 868 (2009).

To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  The complaint must establish more than a "sheer possibility" that the plaintiff's

claim is true. *Iqbal*, 129 S.Ct. at 1949-50.  "Factual allegations must be enough to raise a right to

relief above the speculative level. . . on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Id.* at 555.  Accordingly, a plaintiff must provide "more than

---

[5] Def.'s Mot. to Dismiss [Doc. 7]; *see also* Def.'s Reply 5 [Doc. 15] ("The issue . . . is quite simple: does 42 U.S.C. § 2651 grant the United States an independent right to recover medical and other benefits from USAA."). For the reasons stated below, Louisiana's Direct Action Statute is not relevant to the analysis.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.*

## LAW & ANALYSIS

The Medical Care Recovery Act ("MCRA"), 42 U.S.C. § 2651(a), grants the United

States an independent right to recover medical expenses against a third-party tortfeasor *or his*

*insurer.* The MCRA provides:

> In any case in which the United States is authorized or required by
> law to furnish or pay for [medical expenses] to a person who is
> injured . . ., under circumstances creating a tort liability upon some
> third person . . . to pay damages therefor, the United States shall
> have a right to recover (independent of the rights of the injured or
> diseased person) from said third person, *or that person's insurer*,
> the reasonable value of the care and treatment so furnished, to be
> furnished, paid for, or to be paid for and shall, as to this right be
> subrogated to any right or claim that the injured . . . person. . . has
> against such third person to the extent of the reasonable value of
> the care and treatment so furnished, to be furnished, paid for, or to
> be paid for. . . .

*Id.* The United States, likewise, has an independent right to recover from a third party tortfeasor

*or his insurer* "the total amount of the pay that accrues" during the time the injured person is

unable to perform his duties as a result of the tortuous injury. *Id.* § 2651(b).[6]  Thus, the MCRA

unambiguously vests the United States with an independent right of recovery against a third

party tortfeasor's insurer. *See Id.* § 2651(d)(2) (affording the United States the right to institute

legal proceedings against "the insurance carrier . . . responsible for the payment or

reimbursement of medical expenses or lost pay").

---

[6] Although § 2651(a) did not initially include language providing a right to recover against the
third-party's insurer, Congress amended the MCRA in 1996 to insert subsection (b), the which
provides an independent right to recover the total amount of pay that accrues to the injured party
from the third party *or his insurer.*  Medical Care Recover Act, Pub. L. No. 104-121, §
1075(a)(3) (1996). The amendment also added the phrase "or that person's insurer" after "from
said person" to the first sentence of subsection (a).  *id.* §1075(a)(5)(b). Both sections, thus,
unequivocally allow the United States to recover against a third-party tortfeasor's insurer.

While some courts initially held that the MCRA created not only an independent right of recovery, but also subrogated the government to any rights the injured person may have, the Fifth Circuit took the position that the purpose of the MCRA was to ultimately afford the United States a direct, independent cause of action. *See U.S. v. Fort Benning Rifle & Pistol Club*, 387 F.2d 884, 886-87 (5th Cir. 1967). The Fifth Circuit, however, went on to limit that right, explaining that it "is 'subrogated' to the extent that it is subject to any state substantive defenses which would negate the requirement that the injury arise 'under circumstances creating tort liability upon some third person.'" *Id.* at 887. In other words, state law defines the "circumstances creating tort liability upon some third person," not his insurer.[7] Thus, when state law affords a right to recover against "some third person" in tort, the United States may bring an independent cause of action against that third person's insurer. *Id.*

Consequently, USAA is incorrect. Since the underlying tort liability in this case is Michael Haley's alleged negligence, *see* La. Civ. Code art. 2315, the MCRA creates an independent right for the United States to recover against Mr. Haley's insurer, USAA. *See* 42 U.S.C. § 2651(a)-(d); *U.S. v. Haynes*, 445 F.2d 907, 909 (5th Cir. 1971); *id.* Accordingly, it is

ORDERED that USAA's Motion to Dismiss [Doc. 7] is DENIED.

Lake Charles, Louisiana, this _24_ day of _February_ 2011.

---

[7] USAA relies upon *U.S. v. Farm Bureau Ins. Co.*, 527 F.2d 564 (8th Cir. 1976), which predates the 1996 Amendments. In that case, the government argued that "the defendant insurer, by contracting to assume liability for its insured's tort, has acted 'under circumstances creating a tort liability.'" *Id.* at 565. The Eighth Circuit rejected that argument, correctly noting that the MCRA, at that time, did not provide an independent cause of action against the third-party tortfeasor's insurer, and state law did not authorize a direct tort action against the liability insurer of an alleged tortfeasor without a prior judgment against the insured. *Id.* at 566-67. Here, however, the United States argues that the third party, Michael Haley, acted under circumstances creating tort liability, and the United States, according to the MCRA's current provisions, may recover against Mr. Haley's insurer, USAA. As a result, *Farm Bureau* does not support USAA's position.

5

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE